988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian S. FAILE, Plaintiff-Appellant,
v.
Franklin D. MASTER, M.D., et al., Defendant-Appellee.
 No. 92-16143.
 United States Court of Appeals, Ninth Circuit.
 Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-91-00929-LDG, Lloyd D. George, District Judge, Presiding.
 D.Nev.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian S. Faile appeals pro se the district court's order denying his motion for a preliminary injunction and/or temporary restraining order based upon his 42 U.S.C. § 1983 claim of cruel and unusual punishment in violation of the Eighth Amendment. We hold that the district court based its decision upon factual findings that were clearly erroneous. Accordingly, we vacate the denial of Faile's motion and remand to the district court.
 
 
 3
 Faile asserts that the psychiatrist at the Southern Desert Correctional Center ("SDCC"), Dr. Franklin D. Master, stopped giving him Prozac despite his alleged continuing need for the medication. Faile argues that Dr. Master was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Faile moved for preliminary relief enjoining SDCC from discontinuing his Prozac treatment while the resolution of the underlying § 1983 claim is pending. The district court stated the following in denying Faile's motion:
 
 
 4
 [Dr. Master] and other SDCC doctors will not give [Faile] Prozac as it can be sold for money in the prison yard. Instead, the doctors have given [Faile] another medication. The court is of the opinion that no expedited injunctive relief is warranted at this time.
 
 
 5
 [CR 16 at 2]
 
 
 6
 " 'In this circuit, preliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor.' " Cotter v. Desert Palace, Inc., 880 F.2d 1142, 1144 (9th Cir.1989) (quoting Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir.1987)). We review the denial of a preliminary injunction for abuse of discretion. Id.
 
 
 7
 A district judge may abuse his discretion in any of three ways: (1) he may apply incorrect substantive law or an incorrect preliminary injunction standard; (2) he may rest his decision to grant or deny a preliminary injunction on a clearly erroneous finding of fact that is material to the decision to grant or deny the injunction; or (3) he may apply an acceptable preliminary injunction standard in a manner that results in an abuse of discretion.
 
 
 8
 Zepeda v. United States INS, 753 F.2d 719, 724 (9th Cir.1983). Faile argues that the district court abused its discretion because it denied his motion based upon clearly erroneous findings of material fact. "A finding of fact is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Id. at 725 (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 9
 We conclude that the district court's factual grounds for denying Faile's motion are clearly erroneous. There is no evidence to suggest that the SDCC doctors did not give Faile Prozac because of the drug's marketability on the prison yard. In this regard, the district court appears to have confused Prozac with the drug Xanax, which had been prescribed for Faile before his incarceration. [Blue at 3] Various prison psychiatrists refused to continue the Xanax treatment because it could be sold on the prison yard for money. [Plaintiff's Application for Temporary Restraining Order and/or Preliminary Injunction at 3].
 
 
 10
 Moreover, the district court was incorrect in stating that SDCC doctors had given Faile another medication in place of Prozac. In fact, Faile explicitly declared in his affidavit that since the Prozac therapy was discontinued he "has not been treated in any way medically for his disorder." [CR 8 at 12, para. 7] Dr. Master did not dispute Faile's declaration.
 
 
 11
 Dr. Master responds by arguing the merits of Faile's motion. He asserts that Faile will not suffer irreparable injury and probably will not succeed on the merits of his § 1983 claim. He also contends that the balance of hardships does not sharply tip in Faile's favor. These arguments rest upon Dr. Master's evaluation of Faile's medical condition and his conclusion that Faile did not require Prozac. [CR 14] Although to deny Faile's motion based upon Dr. Master's evaluation would have been within the discretion of the district court, the district court's order makes no reference to the medical evaluation. Indeed, the district court did not indicate whether it concluded that Faile no longer needed Prozac. The only factual grounds that the district court identified in making its decision are those which we have found to be clearly erroneous.
 
 
 12
 Accordingly, because the district court denied Faile's motion for preliminary relief based upon clearly erroneous facts, we vacate the order and remand the case to the district court.
 
 
 13
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3